IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LEONARD R. KAHN,<br><br>                    Plaintiff,<br><br>v.<br><br>iBIQUITY DIGITAL CORP., et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION**<br><br>Case No. 2:09-cv-00814 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

      District Judge Dale A. Kimball referred this case to the magistrate judge pursuant to 28 U.S.C § 636(b)(1)(B) allowing for a report and recommendation for the proper resolution of dispositive matters.[1] The magistrate judge recommends that Plaintiff Leonard R. Kahn's ("Kahn") claims in this matter be dismissed for failure to effect service and for failure to respond to the Magistrate Judge's Order to Show Cause.[2]

      Kahn filed this case on September 9, 2009, bringing RICO and other claims against numerous corporate defendants.[3] Rule 4 of the Federal Rules of Civil Procedure requires that service of the summons and complaint be made upon defendants within 120 days after the filing of the complaint.[4] As of this date, no summonses have been issued in this case.

      Kahn has certified that copies of the complaint have been delivered to Defendants in this case.[5] Defendant Wachovia has entered an Answer,[6] although it maintains, among other

---

[1] Order Referring Case, docket no. 5, filed September 24, 2009.

[2] Order to Show Cause, docket no. 9, filed June 30, 2010.

[3] Complaint, docket no. 1, filed September 9, 2009.

[4] Fed. R. Civ. P. 4(m).

[5] This certification, numbered pages 8 and 9, constitutes the last two pages of the Complaint and accompanying exhibits when viewed electronically.

affirmative defenses, that service was never properly perfected against it.[7] The other Defendants have not acknowledged receiving any copy of the Complaint.[8]

On June 30, 2010 the Magistrate Judge issued an Order to Show Cause which gave Kahn until July 22, 2010 to show cause why this case should not be dismissed for failure to prosecute as a result of inadequate service.[9] The Order stated that "[f]ailure to file a timely and adequate response will result in dismissal of the case."[10] To date, Kahn has made no response[11] nor does the docket reflect that Kahn made proper service on any of the Defendants.[12] Therefore, under the Order and pursuant to Rule 4 of the Federal Rules of Civil Procedure, Kahn's case should be dismissed.

## RECOMMENDATION

This case should be dismissed for failure to complete service and for failure to respond to the Order to Show Cause filed in this matter on June 30, 2010.

---

[6] Answer, docket no. 6, filed October 9, 2009.

[7] *Id.* at 5.

[8] As set out in the complaint, these defendants are: iBiquity Digital Corporation; Lucent Technologies, Inc.; Clear Channel Communications, Inc.; Texas Instruments Incorporated.; Oppenheimer & Co., Inc.; SunTrust Bank; T.D. Ameritrade; City of New York; Bloomberg Communications, Inc.; Comcast; J.P. Morgan Chase; Scale Ships, Inc. and its CEO and Attorney; NYU Medical Center and NYU Hospital Center; T.J. Tisch; and John and Jane Doe 1–20.

[9] Order to Show Cause, docket no. 9, filed June 30, 2010.

[10] *Id.* at 2.

[11] On August 26, 2010, Kahn filed an untitled document in this case. (Docket no. 11.) However, this document is not responsive to the Order to Show Cause, and in fact, does not even mention the Order to Show Cause. Indeed, Kahn may have intended to file this document in some other case that is proceeding in another district. For example, the document refers to a motion to dismiss purportedly filed by Mayor Bloomberg. (*Id.* at page 1 when viewed electronically.) No such motion to dismiss has been filed in this case; and in fact, Mayor Bloomberg is not even a defendant in this case. The document also states that the "purpose of this filing is to update the Complaint, filed August 26, 2009." (*Id.* at 2.) The complaint in this case was filed September 9, 2009, not August 26, 2009.

[12]

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation.[13] The District Judge will make a de novo determination of the specific objections by the parties. The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part. Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

Dated September 16, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[13] 28 U.S.C. § 636(b)(1) (2010).